# Rochester Borough, Appellant, v. Pennsylvania Company.

*Railroads—Vacation of road—Substitution of road—Borough ordinance.*

On a bill in equity by a borough against a railroad company to restrain the obstruction of a street, it appeared that an old road formerly ran parallel to defendant's road, first on one side, and then, after a dangerous grade crossing, on the other side. The borough passed an ordinance providing that the road in question, where the same crossed the railroad, "be and the same is hereby vacated, and the said road shall be continued on the east side of the railroad until the same meets," a run designated by name, the right of way from the said crossing to the said run to be obtained by the street committee of the council, and the under grade crossing at the run to be made by the railroad at its own expense. After these improvements were made, the vacated portion of the street west of the railroad was left without much change, and put to no specific use, until the railroad company constructed a stone wall across it. *Held,* that the true construction of the ordinance was to vacate the old street on the west and substitute for it the new one on the east.

Argued Oct. 16, 1906. Appeal, No. 44, Oct. T., 1906, by plaintiff, from decree of C. P. Beaver Co., Dec. T., 1903, No. 2, dissolving preliminary injunction in case of Rochester Borough v. The Pennsylvania Company, Lessee. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before WILSON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dissolving preliminary injunction.

*George A. Baldwin,* for appellant.

*John M. Buchanan* and *James L. Hogan,* for appellee, were not heard.

PER CURIAM, January 7, 1907:

This bill was founded on the averment that the defendant had constructed a stone wall across Brighton road, a street of the plaintiff borough, which had never been vacated, and had not provided any new road to take the place of the part so

occupied.   The facts, however, as found by the court below and as apparently conceded here are quite to the contrary. The Brighton road formerly ran parallel to defendant's road and adjoining it first on one side and then on the other crossing the tracks by a dangerous grade crossing.   In 1890 the borough passed an ordinance in pursuance of which part of the Brighton road was shifted from the west to the east side of the tracks, and a new crossing undergrade was substituted for the old one.   The vacated portion of the street west of the railroad appears to have been left without much if any change, and put to no specific use until the action of the railroad now complained of.   On the facts the plaintiff failed to make out any case for relief.

The borough's argument here, however, appears to be founded on its construction of the ordinance.   The language is "that Brighton road where the same crosses the Pittsburg, Fort Wayne and Chicago Railway, near McKinley's Run, be and the same is hereby vacated, and the said Brighton road shall be continued on the east side of the railroad until the same meets McKinley's Run," the right of way from the said crossing to the said run to be obtained by the street committee of the council, and the undergrade crossing at the run to be made by the railroad at its own expense.   It is contended that the vacation of Brighton road was only of the actual crossing. But this ignores the whole intent of the ordinance.   Brighton road going northward lay on the east side of the railroad until it reached the crossing, then it went over and continued on the west side of the railroad towards the run and the borough line.   By the construction now contended for the vacation would sever the continuity of the road and leave it a cul de sac on each side of the railroad, a situation far worse than that which the ordinance was meant to remedy.   The provision for acquiring the right of way and continuing the street on the east side of the railroad from the point of vacation to the new undergrade crossing shows the intent, and the true construction of the ordinance to be to vacate the old street on the west and substitute for it the new one on the east.   That would have been the effect if the change had been made by the railroad in pursuance of its power to occupy and relocate a public road under the railroad act of 1849, and certainly no less effect

can be attributed in the present case where the change was not made by the railroad at all under the statutory powers but by the borough itself though partly by agreement with the railroad.

Decree affirmed.